UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA


UNITED STATES AQUARIUM
ASSOCIATION, INC.
739 Washington Ave.,
Suite 909
Homestead, FL 33030

      Plaintiff,

v.                                                                                    Civil Action No.

DOUG BURGUM, in his official capacity
as Secretary of the Interior
1849 C Street, NW
Washington, DC 20240;

UNITED STATES FISH AND WILDLIFE SERVICE
1849 C Street, NW
Washington, DC 20240;

      Defendants.
_____/

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, United States Aquarium Association ("USAQUA"), by and through

undersigned counsel, files this Complaint for Declaratory and Injunctive Relief, and in support

thereof, alleges as follows:

**INTRODUCTION**

1) Plaintiff United States Aquarium Association ("USAQUA") challenges the failure of

Secretary of the Interior Doug Burgum and the United States Fish and Wildlife Service

(collectively, "the Service" or "Defendants") to comply with the nondiscretionary

deadlines set forth in the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531–1544,

requiring the Service to issue a 90-day finding on Plaintiff's petition seeking designation

and simultaneous delisting of a non-listed Distinct Population Segment ("DPS") for Asian arowana (*Scleropages formosus*) from CITES-registered breeding facilities in Indonesia, Malaysia, Singapore, and Thailand, pursuant to 16 U.S.C. § 1533(b)(3)(A).

2) By failing to fulfill this statutory mandate, Defendants are in violation of the ESA.

3) On November 14, 2025, Plaintiff submitted a petition requesting designation and simultaneous delisting of a non-listed DPS for Asian arowana (*Scleropages formosus*) from CITES-registered breeding facilities in Indonesia, Malaysia, Singapore, and Thailand.

4) The ESA requires Defendants, within 90 days after receiving a petition, to determine whether the petition presents substantial scientific or commercial information indicating that the petitioned action may be warranted. 16 U.S.C. § 1533(b)(3)(A).

5) The statutory 90-day deadline expired on February 12, 2026.

6) Defendants have failed to issue the required findings.

7) Defendants have also failed to publish Plaintiff's petition on the United States Fish and Wildlife Service's Environmental Conservation Online System ("ECOS") petitions webpage.[1]

8) Defendants' failures constitute ongoing violations of nondiscretionary duties imposed by the ESA.

9) Through this Complaint, Plaintiff seeks a declaratory judgment and injunctive relief compelling the Service to issue the overdue 90-day finding within a reasonable period of time, as well as fees and costs associated with this litigation.

---

[1] *Environmental Conservation Online System, Petitions Received Table*, U.S. Fish & Wildlife Serv., https://ecos.fws.gov/ecp/report/table/petitions-received.html (last visited May 12, 2026).

## JURISDICTION

10) This Court has subject matter jurisdiction over this action pursuant to 16 U.S.C. § 1540(c) and (g) (actions arising under the ESA) and 28 U.S.C. § 1331 (actions arising under the laws of the United States).

11) This action is brought under the ESA, 16 U.S.C. §§ 1531–1544, and the requested relief is authorized under 16 U.S.C. § 1540(g) (ESA), 28 U.S.C. §§2201-02 (the Declaratory Judgment Act), 28 U.S.C. §1651 (the All Writs Act), and the Court's equitable powers.

12) The ESA provides a waiver of the federal government's sovereign immunity. 16 U.S.C. § 1540(g).

## VENUE

13) Venue is proper in the United States District Court for the District of Columbia under 28 U.S.C. § 1391(e)(1) because Defendants reside in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

14) Plaintiff United States Aquarium Association is a national 501(c)(6) nonprofit membership organization dedicated to advocating for the responsible keeping, breeding, and conservation of aquarium fish and aquatic life.

15) USAQUA's membership includes individuals who are members of the U.S. aquarium industry who would lawfully acquire, breed, transfer, conserve, or otherwise work with Asian arowana (*Scleropages formosus*) but for the restrictions imposed by its continued listing under the ESA.

16) The current restrictions under the Endangered Species Act  applicable to the Asian arowana (*Scleropages formosus*) prohibit the importation and interstate commerce of the

species within the United States. As a result, many USAQUA members who wish to lawfully acquire specimens produced at CITES-registered breeding facilities in Indonesia, Malaysia, Singapore, or Thailand are unable to do so.

17) For example, USAQUA members Mr. Kapil Mandrekar (MPS Environmental Biology, MPS Environmental Science) of Kalamazoo, MI, and Mr. Richard P. Bireley of Shingle Springs, CA, are lifelong aquarists who have, on several occasions, explored the possibility of purchasing and importing an Asian arowana (*Scleropages formosus*) produced at a CITES-registered breeding facility. Despite their willingness to comply with all applicable legal requirements, they have been unable to do so because the ESA listing provides no lawful pathway for importation or possession in interstate commerce.

18) Plaintiff submitted a petition requesting designation and simultaneous delisting of a non-listed DPS consisting of specimens from CITES-registered breeding facilities in Indonesia, Malaysia, Singapore, and Thailand.

   a) The Service has failed to issue the mandatory 90-day finding required by 16 U.S.C. § 1533(b)(3)(A).

   b) The failure of the Service to process and evaluate Plaintiff's petition within the mandatory statutory deadline has resulted in the continued application of regulatory restrictions affecting lawful trade, breeding, conservation, and possession of captive-bred Asian arowana.

   c) These restrictions impose concrete economic, operational, and logistical burdens on USAQUA members, including restrictions on interstate commerce, importation, transfer, and captive breeding.

d)    USAQUA and its members therefore have a direct and substantial interest in ensuring that Defendants comply with the mandatory requirements and deadlines imposed by the ESA.

19)    Defendant Doug Burgum is sued in his official capacity as Secretary of the United States Department of the Interior.

20)    Defendant United States Fish and Wildlife Service is a federal agency within the United States Department of the Interior and has been delegated authority to administer and implement the ESA.

## EXHAUSTION OF REMEDIES

21)    Plaintiff served a Notice of Intent to Sue pursuant to 16 U.S.C. § 1540(g)(2)(C) on February 20, 2026. The sixty-day notice period expired on April 21, 2026.

22)    Plaintiff has exhausted all available administrative remedies.

## LEGAL FRAMEWORK

23)    Congress enacted the ESA to provide "a program for the conservation of endangered species and threatened species, and to take such steps as may be appropriate to achieve the purposes of the treaties and conventions" to which the United States is a party. 16 U.S.C. § 1531(b).

24)    As part of this statutory program, Defendants are authorized to list a species as endangered or threatened if it meets one or more of the factors set forth in the ESA. 16 U.S.C. § 1533(a)(1)(A)–(E). Those factors are:

a)    the present or threatened destruction, modification, or curtailment of the species' habitat or range;

b)    overutilization for commercial, recreational, scientific, or educational purposes;

c)    disease or predation;

d)    the inadequacy of existing regulatory mechanisms; or

e)    other natural or manmade factors affecting the species' continued existence.

20)    In making listing determinations, the Secretary is required to act "solely on the basis of the best scientific and commercial data available" after conducting a review of the status of the species and taking into account conservation efforts undertaken by States or foreign nations to protect the species. 16 U.S.C. § 1533(b)(1)(A).

21)    The Secretary is required to publish in the Federal Register a list of all species determined to be endangered species and a list of all species determined to be threatened species. 16 U.S.C. § 1533(c)(1).

22)    The ESA authorizes interested persons to petition the Secretary of the Interior to add species to, remove species from, or otherwise revise the Lists of Endangered and Threatened Wildlife and Plants. 16 U.S.C. § 1533(b)(3)(A).

23)    The ESA defines the term "species" to include "any subspecies of fish or wildlife or plants, and any distinct population segment of any species of vertebrate fish or wildlife which interbreeds when mature." 16 U.S.C. § 1532(16).

24)    The ESA therefore authorizes the Service to designate distinct population segments ("DPSs") of vertebrate fish or wildlife as endangered or threatened species.

25)    The Service has long recognized that a DPS may be defined by international governmental boundaries within which differences in control of exploitation, management of habitat, conservation status, or regulatory mechanisms exist.

26)    The Service has previously established DPSs along international territorial boundaries for species including for the broad-snouted caiman (*Caiman latirostris*) and argali (*Ovis*

*ammon*), based on differing management regimes and regulatory mechanisms among sovereign nations.

27) Plaintiff's petitions requesting the recognition and delisting of DPSs consisting of captive populations located within the international territorial boundaries of the United States constitute valid petitions to revise the Lists of Endangered and Threatened Wildlife and Plants under the ESA.

28) The filing of a valid petition under 16 U.S.C. § 1533(b)(3)(A) triggers the Secretary's mandatory and nondiscretionary duty to make an initial finding within 90 days as to whether the petition "presents substantial scientific or commercial information indicating that the petitioned action may be warranted."

29) If the Service determines that the petition presents substantial scientific or commercial information indicating that the petitioned action may be warranted, the Service must promptly commence a review of the status of the species concerned. 16 U.S.C. § 1533(b)(3)(A).

30) The ESA authorizes any person to commence a civil suit to compel the Secretary to perform any act or duty under 16 U.S.C. § 1533 that is not discretionary. 16 U.S.C. § 1540(g)(1)(C).

## FACTUAL ALLEGATIONS

31) On November 14, 2025, Plaintiff submitted a petition requesting designation and simultaneous delisting of a non-listed DPS for Asian arowana (*Scleropages formosus*) from CITES-registered breeding facilities in Indonesia, Malaysia, Singapore, and Thailand.

32) The Service confirmed receipt of the petition on November 20, 2025.

33) The statutory 90-day deadline expired on February 12, 2026.

34) Defendants have failed to issue the required 90-day finding.

35) Despite confirmation that Defendants received Plaintiff's petition, the petition has not been published on the ECOS petitions webpage.

36) Upon information and belief, petitions submitted after Plaintiff's petition have been published on the ECOS petitions webpage.

37) Defendants have failed to publish any findings in the Federal Register relating to Plaintiff's petition.

**CLAIM FOR RELIEF**
**Violation of the Endangered Species Act**

38) Plaintiff re-alleges and incorporates by reference the allegations contained in this Complaint as though fully set forth herein.

39) The ESA requires the Service, "[t]o the maximum extent practicable, within 90 days after receiving the petition," to make a finding as to whether a petition to revise the Lists of Endangered and Threatened Wildlife and Plants "presents substantial scientific or commercial information indicating that the petitioned action may be warranted." 16 U.S.C. § 1533(b)(3)(A).

40) Plaintiff submitted a petition requesting designation and simultaneous delisting of a non-listed DPS for Asian arowana (*Scleropages formosus*) from CITES-registered breeding facilities in Indonesia, Malaysia, Singapore, and Thailand.

41) More than 90 days have passed since the Service received Plaintiff's petition, and the Service has failed to publish the required 90-day finding in the Federal Register.

42) Defendants failed to issue the required finding within the statutory deadline.

43)     Defendants have violated their mandatory and nondiscretionary duty under the ESA, 16 U.S.C. § 1533(b)(3)(A), by failing to make and publish a timely 90-day finding regarding Plaintiff's petition.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor and grant the following relief:

A.     Declare that Defendants have violated and continue to violate the ESA, 16 U.S.C. § 1533(b)(3)(A), by failing to make and publish a timely 90-day finding on Plaintiff's petitions;

B.     Order Defendants to make and publish the required 90-day finding within 90 days;

C.     Retain continuing jurisdiction to review Defendants' compliance with the Court's orders;

D.     Award of reasonable attorney and expert witness fees and costs pursuant to 16 U.S.C. § 1540(g)(4);

E.     Award of reasonable attorney and expert witness fees and costs pursuant to 28 U.S.C. § 2412;

F.     Such other and further relief as the Court deems just and proper under the circumstances.

Dated: May 19, 2026


<u>/s/ David A. Garcia</u>
DAVID A. GARCIA
Fla. Bar No. 1015673
David Anthony Garcia, P.A.
739 Washington Ave., Suite 909
Homestead, FL 33030
Office: (305) 319-1309
Dir. 786-553-5430
david@davidgarcialaw.com

*Counsel for Plaintiff*

<u>/s/ Arthur Parola</u>
Arthur Parola
DC. Bar No. 90034404
United States Aquarium Association
739 Washington Ave., Suite 909
Homestead, FL 33030
Office: (502) 727-1587
president@usaqua.org


*Counsel for Plaintiff*